IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00012-MSK-PAC

CARRIE KAISER,

Plaintiff,

v.

HOSPICE OF METRO DENVER, INC.

Defendant.

## SCHEDULING ORDER

COME NOW the Parties, by and through their respective attorneys, and for their Scheduling Order state:

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND *PRO SE PARTIES*

A Scheduling/Planning Conference was held on May 26, 2006 at 9:00 a.m.

Appearing on behalf of the Plaintiff Carrie Kaiser was Andrew T. Brake, Esq. of the Law Firm of Andrew T. Brake, P.C., 777 E. Girard Ave., Suite 200, Englewood, Colorado 80113-2767, (303) 806-9000.

Appearing on behalf of the Defendant, Hospice of Metro Denver, Inc. was Daniel R. Satriana, Jr. Of the Law Firm of Clisham, Satriana & Biscan, LLC, 1512 Larimer Street, Suite 400, Denver, Colorado 80202

1

## 2. STATEMENT OF CLAIMS AND DEFENSES

a. <u>Plaintiff:</u> Plaintiff, who has Lupus, was employed by the Defendant in the position of Communication Support Technician from approximately October 2003 through April 21, 2004. Plaintiff and was characterized and treated, in all respects, as an employee by Defendant during this time period. As a result of her Lupus related medical condition, Plaintiff is disabled within the meaning of the ADA, and was so disabled at relevant times. As a result of her disability, Plaintiff required certain reasonable accommodations within the work place. The Defendant, at all times relevant, was aware of Plaintiff's disability and her request and need for a reasonable accommodation.

Plaintiff was treated disparately from non-disabled employees of the Defendant, including being wrongfully terminated from her position after requesting a reasonable accommodation, and being replaced, upon information and belief, by a non-disabled employee. Plaintiff was wrongfully and unlawfully terminated as a result of her disability.

Plaintiff's rate of compensation was approximately $14.43 an hour, plus benefits and other perquisites of employment. Plaintiff's compensation by Defendant was subject to reduction in the event she did not work any scheduled hours and her compensation was solely based upon her hours of work, rather than on a salary basis. During substantial portions of her employment with Defendant, Plaintiff was required to carry two cell phones and have high speed internet access at home and remain on call while away from the premises of Defendant. During such time, Plaintiff was required to hold herself in readiness and be available for further duty after her normal work day was completed. Plaintiff was confined to her home, waiting to be called by Defendant's employees for any computer and/or communication related problems, which she was required to

2

address immediately and have immediate computer access. During such time, Plaintiff was not relieved from her duty. Plaintiff was subject to disciplinary action if she did not answer or respond to the incoming telephone calls. Plaintiff was not paid overtime compensation due from Defendant for these hours worked, in violation of Sections 6 and 7 of the Fair Labor Standards Act, 29 U.S.C. §§ 206 and 207. Plaintiff regularly worked hours in excess of 40 hours in a work week for the Defendant.

Plaintiff has brought claims for Disability Discrimination, Violation of the Fair Labor Standards Act, and for violation of C.R.S. § 8-4-104, and seeks damages including but not limited to economic, non-economic, and punitive/exemplary/liquidated damages, reinstatement and other equitable relief, and statutory penalties, interest, attorneys fees, costs, and other appropriate relief as set forth in her Complaint and Jury Demand, and in conformance to proof at trial. b.

Defendant:

Defendant denies that it has discriminated against Plaintiff on the basis of any claimed disability. Plaintiff has not demonstrated having a disability covered by the Americans with Disabilities Act. Plaintiff's claim of a diagnosis of Lupus and use of the term "disability", as a matter of law, do not establish that a disability exists. Plaintiff merely stated that she had a medical condition. She failed to offer evidence of a substantial limitation on her daily life caused by the alleged medical condition.

Defendant has not violated the Fair Labor Standards Act or the provisions of the Colorado Wage Act with respect to her employment.

### 3. UNDISPUTED FACTS:

The parties state that the following facts are undisputed:

3

1. Plaintiff is a resident of the State of Colorado.

### 4. COMPUTATION OF DAMAGES

A. Although a final determination of the Plaintiff's damages has not been made at the present time, and the Plaintiff anticipates relying upon expert witnesses on issues relating to damages, the Plaintiff's damages are anticipated to exceed $ 100,000.00.

The Plaintiff is seeking damages in the greatest amount lawfully awardable for mental, emotional pain and suffering, and loss of enjoyment of life, including worry, concern, loss of self-esteem, sleepless nights, humiliation, and degradation. The Plaintiff is also seeking damages relative to harm and damage to Plaintiff's career, as well as lost wages, overtime compensation, benefits and other perquisites of employment, which will be calculated by determining the total amount/value of the compensation Plaintiff would have earned until retirement, subtracting from that amount any sums Plaintiff earns or will reasonably earn had Plaintiff not been subjected to the unlawful conduct, including the discrimination, failure to pay overtime, and wrongful termination. The remaining sum will constitute Plaintiff's lost wages, benefits and other perquisites of employment. To the extent that any portion of the foregoing will constitute future wages, etc., the sum will be reduced to its present value, to the extent required. Further, the Plaintiff is seeking various equitable relief, including a tax enhancement. Finally, the Plaintiff is seeking liquidated/punitive/exemplary damages in the greatest amount awardable to discourage the Defendant from future violations of the law, interest, attorney's fees and costs, to the extent properly awardable.

### 5. REPORT OF PRE-CONFERENCE DISCOVERY & MEETING UNDER FED.R.CIV.P. 26(f)

a. Date of rule 26(f) meeting.

    A Rule 26(f) meeting was held on May 19, 2006.

b.    Names of each participant and party he represented.

    Plaintiff was represented by Andrew T. Brake.

    Defendant was represented by Daniel R. Satriana, Jr.

c.    Proposed changes, if any, in timing or requirement of disclosures under Fed.R.Civ.P. 26(a)(1).

    None.

d.    Statement as to when rule 26(a)(1) disclosures were made or will be made. Plaintiff ~~will~~ did make disclosures on May 19, 2006

    Defendant made its disclosures on May 12, 2006.

e.    A statement concerning any agreements to conduct informal discovery, including joint interviews with potential witnesses, exchanges of documents, and joint meetings with clients to discuss settlement. If there is an agreement to conduct joint interviews with potential witnesses, list the names of such witnesses and a date and time for the interview which have been agreed to by the witness and all counsel.

    None.

### 6. CONSENT

Pursuant to D.C.COLO.LCivR 72.2, all full-time magistrate judges in the District of Colorado are specially designated under 28 U.S.C. § 636( c )( 1 ) to conduct any or all proceedings in any jury or non jury civil matter and to order the entry of judgment. Upon consent of the parties and an order of reference from the district judge, the magistrate judge assigned the case under 28 U.S.C. § 636( a ) and ( b ) will hold the scheduling conference and retain settlement

5

jurisdiction, whereas pretrial case management, jurisdiction of dispositive motions, and trial will be assigned to the magistrate judge drawn at random under D.C.COLO.LCivR 72.2

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 7. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of

Pleadings: July 10, 2006.

b. Discovery Cut off:

November 24, 2006.

*bb* [handwritten: Deadline for 28 USC § 636(c) consent to a magistrate judge is Dec 4, 06.]

c. Dispositive Motion Deadline:

December 29, 2006. [handwritten: Daubert motions deadline: 12-29-06]

d. Expert Witness Disclosure

1) Anticipated fields of expert testimony, if any.

Plaintiff may call an economist/C.P.A. regarding damages. Plaintiff may further call a psychologist/psychiatrist/counselor or other expert to testify concerning emotional harm and/or damages suffered by the Plaintiff.

Defendant may call rebuttal experts regarding any field of expertise of expert designated by Plaintiff.

2) Any limitations proposed on the use or number of expert witnesses.

Each side shall be limited to three (3) expert witnesses without leave of Court.

3) The [strikethrough: Parties] [handwritten: plaintiff] shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed.R.Civ.P. 26(a)(2) on or before [strikethrough: September 29, 2006] [handwritten: Sept. 15, 06].

4) The [strikethrough: Parties] [handwritten: defendant] shall designate all rebuttal experts and provide opposing counsel and

6

any pro se party with all information specified in Fed.R.Civ.P. 26(a)(2) on or before ~~October 30,~~ Oct 15 2006. Rebuttal November 8, 06

5) Notwithstanding the provisions of Fed.R.Civ.P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the Court.

e. Deposition Schedule: A schedule with dates is to be filed by July 15, 06

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Carrie Kaiser | To be determined | | 7 hours |
| | To be determined | | 7 hours |
| | To be determined | | |
| Rule 30(b)(6) Fed.R.Civ.P. witness regarding the policies, practices and/or procedures of Defendant, including relative to job qualifications, progressive discipline/discharge, and discrimination/retaliation, compensation, accommodation, as well as all aspects of Plaintiff's employment, including Plaintiff's separation and the events which occurred during Plaintiff's employment. | To be determined | | 7 hours |

The parties reserve the right to identify and depose other individuals or entities that become known in disclosures or during discovery.

f. Interrogatory Schedule: All Interrogatories shall be served on or before October

7

20, 2006.

    g.    Schedule for Requests for Production Of Documents: All Requests For Production Of Documents shall be served on or before October 20, 2006.

    h.    Schedule for Requests for Admissions: All Requests For Admissions shall be served on or before October 20, 2006.

    i.    Discovery Limitations:

(1)    Any limits which any party wishes to propose on the number of depositions.

    Each side shall be limited to six (6) depositions, exclusive of expert witnesses.

(2)    Any limits which any party wishes to propose on the length of depositions.

    No deposition may exceed seven (7) hours without leave of the Court.

(3)    Modifications which any party proposes on the presumptive numbers of depositions or interrogatories contained in the federal rules.

No modifications to the presumptive number of Interrogatories contained in the Federal rules is requested. Depositions as outlined hereinabove.

(4)    Limitations which any party proposes on number of requests for production of documents and/or requests for admissions.

No party may propound more than thirty (30) requests for production of documents and thirty (30) requests for admission without leave of the Court.

(5)    Other Planning or Discovery Orders:

None.

## 8. SETTLEMENT

The parties anticipate discussing settlement upon the completion of initial discovery. Any

future meetings or discussions regarding settlement will be promptly reported to the magistrate judge. Based upon discussions at this juncture, it is not believed that settlement is likely at this time.

### 9. OTHER SCHEDULING ISSUES

a.   A statement of those discovery or scheduling issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement.

None.

b.   Trial in the above captioned action is to a jury and it is anticipated can be completed in five (5) trial days.

### 10. DATES FOR FURTHER CONFERENCES

a.   A settlement conference will be held on _Oct 17, 06_ at _130_ o'clock pm. **IT IS HEREBY ORDERED THAT ALL SETTLEMENT CONFERENCES THAT TAKE PLACE BEFORE THE MAGISTRATE JUDGE SHALL BE CONFIDENTIAL**

_π shall make a written settlement demand by Sept 19, 06_

( )   *Pro se* parties and attorneys only need be present.

(X)   ~~Pro se~~ Parties, attorneys and client representatives with _full_ authority to settle must be present.(**NOTE:** this requirement is not fulfilled by the presence of counsel. If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.

(X)   Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before _Oct 12 06_ outlining the facts and issues in the case and the party's settlement position.

b.   Status conferences will be held _____ in this case at the following dates and

9

times:

c.  A final pretrial conference will be held in this case on ~~on~~ *as set by Judge Krieger*, at ____ o'clock .m. *on Judge Krieger's format* A Final Pretrial Order shall be prepared by the parties and submitted to the Court no later than five days before the final pretrial conference.

## 11. OTHER MATTERS

IN ADDITION TO FILING AN APPROPRIATE NOTICE WITH THE CLERK'S OFFICE, COUNSEL MUST FILE A COPY OF ANY NOTICE OF WITHDRAWAL, NOTICE OF SUBSTITUTION OF COUNSEL, OR NOTICE OF CHANGE OF COUNSEL'S ADDRESS OR TELEPHONE NUMBER WITH THE CLERK OF THE UNITED STATES MAGISTRATE JUDGE ASSIGNED TO THIS CASE.

IN ADDITION TO FILING AN APPROPRIATE NOTICE WITH THE CLERK'S OFFICE, A *PRO SE* PARTY MUST FILE A COPY OF A NOTICE OF CHANGE OF HIS OR HER ADDRESS OR TELEPHONE NUMBER WITH THE CLERK OF THE UNITED STATES MAGISTRATE JUDGE ASSIGNED TO THE CASE.

WITH RESPECT TO DISCOVERY DISPUTES, PARTIES MUST COMPLY WITH D.C.COLO.LCivR7.1A.

THE PARTIES FILING MOTIONS FOR EXTENSION OF TIME OR CONTINUANCES MUST COMPLY WITH D.C.COLO.LCivR 6.1(D) BY SUBMITTING PROOF THAT A COPY OF THE MOTION HAS BEEN SERVED UPON THE <u>MOVING ATTORNEY'S CLIENT,</u> ALL ATTORNEYS OF RECORD, AND ALL *PRO SE* PARTIES.

10

## 12. AMENDMENTS TO SCHEDULING ORDER

Scheduling Order may be altered or amended only upon a showing of good cause.

DATED this 26 day of May, 2006.

Respectfully submitted,

s/Patricia A Coan
Patricia A Coan
U.S. Magistrate Judge

By: s/Andrew T. Brake
   Andrew T. Brake
   777 East Girard Avenue, Suite 200
   Englewood, Colorado 80113-2767
   Telephone: (303)806-9000 a.brake@att.net
   Andrew T. Brake, P.C.
   Attorney for Plaintiff

By: /s/ Daniel R. Satriana, Jr.
   Daniel R. Satriana, Jr.
   1512 Larimer Street, Suite 400
   Denver, Colorado 80202
   Clisham, Satriana & Biscane, LLC
   Attorneys for Defendant
   (303) 468-5402
   (303) 942-7290 (fax)
   satrianad@csbattorneys.com